IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

AMANDA DELY,

               Plaintiff,

vs.                                       Case No.:

ADCS CLINICS, LLC,

               Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA DELY, by and through her undersigned attorneys, hereby sues the

Defendant, ADCS CLINICS, LLC, and alleges as follows:

### INTRODUCTION

1.     Plaintiff, AMANDA DELY, brings this action pursuant to the Family and

Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") and the Florida Civil

Rights Act, Ch. 760, Florida Statutes. Plaintiff seeks all damages to which she is entitled by law.

### JURISDICTION AND VENUE

2.     This is an action for damages in excess of $15,000.

3.     Venue lies within Orange County because a substantial part of the events giving

rise to this claim occurred in this Judicial District.

4.     The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 2617(a)(2),

permitting for enforcement in a state court of competent jurisdiction.

### ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to bringing this action have occurred.

6.     Plaintiff timely filed a charge of discrimination with the Equal Employment

Opportunity Commission (EEOC") and Florida Commission on Human Relations ("FCHR")  A copy of the charge is attached hereto Exhibit "A".

7.      A notification of Right to Sue was received from the EEOC and a copy is attached as Exhibit "B".

8.      Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge.

## PARTIES

9.      At all times relevant hereto, Plaintiff, AMANDA DELY ("Plaintiff"), was an employee of Defendant, ADCS CLINICS, LLC, ("Defendant") and a citizen of the state of Florida.

10.      At all relevant times, Defendant conducted business in Florida and was a "covered" employer pursuant to the FCRA in that it employed the requisite number of employees.

11.      At all times relevant hereto, Defendant was a "covered employer" pursuant to the FMLA, employing 50 or more employees within 75 miles.

12.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to seeking to exercise her right to FMLA leave.

## FACTUAL ALLEGATIONS

13.      Plaintiff was employed as a medical coder in a non-management capacity.

14.      On or about August 5, 2015, Plaintiff learned she was pregnant and informed her direct supervisor, Ms. Anastasia Powers, of her pregnancy.

2

15. In the month of August, 2015, Plaintiff missed work for medical reasons related to her pregnancy. Plaintiff provided Defendant with documentation and otherwise complied with all of Defendant's policies and procedures regarding attendance.

16. On or around August 19, 2015, Plaintiff inquired about Defendant's maternity leave policies.

17. On September 2, 2015, Plaintiff missed work for a pregnancy related doctor's appointment, for which she provided a doctor's note.

18. On or about September 9, 2015, while at work, Plaintiff began to experience complications with her pregnancy. Plaintiff's doctor advised Plaintiff to leave work and go straight to the emergency room.

19. Plaintiff informed Defendant she had been hospitalized because of complications related to her pregnancy and provided Defendant with supporting documentation, including discharge papers

20. Plaintiff returned to work on or about September 11, 2015. After returning from lunch, Plaintiff was summoned to human resources and terminated for "performance and attendance."

21. Defendant knew Plaintiff was pregnant and qualified for protected leave pursuant to the FMLA. However, Defendant terminated Plaintiff's employment for purported "attendance and performance issues."

22. However, the absences for which Plaintiff was purportedly terminated was protected leave pursuant to the FMLA.

23. Defendant's actions were willful and in complete disregard for Plaintiff's right to FMLA leave.

## COUNT I
## INTERFERENCE WITH RIGHT TO TAKE PROTECTED LEAVE UNDER THE FMLA

24.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1-23.

25.    Plaintiff was an employee entitled to the protection of the FMLA.

26.    Plaintiff's pregnancy was an FMLA-qualifying condition for which Plaintiff was entitled to protected leave pursuant to the FMLA.

27.    The absences for which Defendant terminated Plaintiff's employment was protected leave pursuant to the FMLA.

28.    Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

29.    The Defendant's actions constitute willful violations of the FMLA.

30.    As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, AMANDA DELY, prays the court for an award of:

       a.    Back pay and benefits;

       b.    Interest;

       c.    Liquidated damages;

       d.    Attorneys' fees and costs;

       e.    Equitable relief;

       g.    Such other relief as is permitted by law.


## COUNT II
## UNLAWFUL TERMINATION IN VIOLATION OF THE FCRA

31.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23.

32.    Plaintiff was qualified to perform the essential functions of her job, with or

without reasonable accommodations.

33.     Defendant was aware Plaintiff was pregnant.

34.     Pregnancy is a protected characteristic pursuant to the FCRA.

35.     Defendant discriminated against Plaintiff because of her pregnancy by failing to accommodate her pregnancy related absences and by terminating Plaintiff's employment.

36.     Defendant discriminated against Plaintiff because of her pregnancy because Defendant treated Plaintiff differently than non-pregnant employees.

37.     As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

38.     Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

39.     Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

40.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

41.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, ADCS Clinics, LLC.

    a.      Back pay and benefits;

    b.      Interest in back pay and benefits;

    c.      Front pay and future benefits;

    d.      Compensatory damages for emotional damages;

e. Other non-pecuniary damages;

g. Injunctive relief;

h. Attorneys' fees and costs, and

i. For such other relief this Court deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for all issues so triable.

Dated this 12th day of October, 2016.

MORGAN & MORGAN

*/s/ Marc R. Edelman*
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
Attorney for Plaintiff
Morgan & Morgan
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
Email:Medelman@forthepeople.com